# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | No. 06 CR 928 |
| ) | |
| ) | |
| JUAN REYNA. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Juan Reyna's ("Reyna") motion for revocation of the detention order by a magistrate judge. For the reasons stated below, we deny the motion.

## BACKGROUND

On January 22, 2007, Reyna was ordered by the magistrate judge to be detained pending trial. Reyna filed the instant motion for revocation of the magistrate judge's order and requested a hearing on the motion on May 9, 2007. Reyna seeks to be released and has indicated that his mother is willing to post the equity in her house, worth approximately $80,000, as security for a bond. On May 9, 2007, we conducted a detention hearing *de novo*.

1

## DISCUSSION

Reyna seeks a revocation of the magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b), which provides that "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). In the context of § 3145(a), "review of a release order," the Seventh Circuit has held that "[a]lthough § 3145(a)(1) speaks of 'review' by the district judge, the court may start from scratch . . . [and that a] district judge who elects to do this, however, must follow the same procedures that apply to the taking of evidence before the magistrate judge." *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). Therefore, in the context of § 3145(b), "review of a detention order," the same principles apply.

On May 9, 2007, we conducted a detention hearing *de novo*. Pursuant to 18 U.S.C. § 3142(f), a defendant has the right to be represented by counsel, to testify, to present witnesses, to cross-examine witnesses, and to present evidence by proffer. At the hearing, Reyna was represented by counsel and was afforded an opportunity to testify, to present witnesses, to cross-examine any witnesses, and to present information by proffer or otherwise. Both counsel for Reyna and the Government's counsel elected to present information and evidence by proffer.

In support of his request for release from custody, Reyna contended that even though he has committed certain crimes previously, since 2004 he has seen the light

and has changed his lifestyle.  Reyna indicated that at one point he was enrolled in community college, was involved in student activities, and was gainfully employed.  Reyna also indicated that he has the support of family and friends.  He has submitted character letters from various friends, who have indicated their support.  In addition, Reyna submitted a letter from an Elgin Community College Student Support Services Coordinator who has indicated that while Reyna was a student he was courteous and volunteered to work on school projects and help others.  Finally, Reyna has submitted a letter from an official at Kankakee County Sheriff's Police indicating that Reyna has participated in Anger Management/Adult Parenting Programs since his incarceration and that he "has displayed an eagerness to improve his parenting skill along with working on various anger issues through attending class, and being a positive asset to the classroom environment."  (KCS Ltr.).  The writer indicates that he hopes Reyna will continue to work on areas in his life that need adjusting after Reyna leaves their detention facility.

Reyna argued that the charges against him relating to firearms offenses were not gang related and that the confidential informant that Reyna is alleged to have sold guns to is a friend from Reyna's school days.  Reyna further argued that the guns that he allegedly sold were not "street guns," but had serial numbers and were registered by the owner.  Finally, Reyna argued that his history and characteristics, including his support from his family and friends, and his strong ties to the community are indicative that he is not a danger to the community or a poor bail risk.

The Government indicated that, in addition to his current arrest, Reyna was a

felon who had previously been convicted of several felonies, including residential burglaries and aggravated battery to a police officer. The Government also indicated that the current charges against Reyna can result in a sentence of up to life imprisonment and, therefore, a rebuttable presumption for detention exists. The Government also indicated that at the time officers went to Reyna's parents' home to arrest him, Reyna locked himself in a room to avoid arrest and when Reyna was arrested the officers found a gun that he owned and illegal drugs that he possessed at his residence. The Government also indicated that, contrary to Reyna's contention relating to the registration of the gun, Reyna told the confidential informant, according to the Complaint, that the registered owner of the gun would report the gun as stolen once the sale took place. The Government contends that Reyna's history and characteristics reflect that from 1999 to 2006 Reyna has a consistent criminal history relating to crimes of violence. The Government argued that after Reyna was released from prison in 2003 for a felony conviction, he continued to traffic in guns. Finally, the Government argued that, in accord with the Pre-Trial Services Report dated December 18, 2006, the nature and circumstances of the charges against Reyna, along with Reyna's history and characteristics there is no condition or combination of conditions that would reasonably assure that appearance of Reyna as required and the safety of any other person or community.

The Seventh Circuit has held that in assessing a defendant's risk of flight, a district court should apply the preponderance of the evidence standard. *See United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985)(indicating that the preponderance

4

of the evidence standard applies for the flight risk analysis). In addition, a finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B); *Portes*, 786 F.2d at 765. Clear and convincing evidence is something more than proof by a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 425 (1979). In making this determination, we have considered the factors contained in 18 U.S.C. § 3142(g), which states that "[a] judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required[,] . . . take into account the available information concerning--

>(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person, including--
>
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the

community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

We have considered each of the factors contained in 18 U.S.C. § 3142(g). First, the nature of Reyna's offense, knowingly possessing firearms by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), shows that he is a danger to the community. Second, Reyna's prior bond forfeitures as indicated in the Pre-Trial Services Report and Reyna's actions in locking himself in a room at the time of arrest for the current charge show that he is a poor bail risk. We have considered Reyna's arguments and the letters of support on his behalf. Reyna's contention that he is a changed person is contradicted by his history and characteristics in that after Reyna was released from prison in 2003 for a felony conviction he was arrested and charged with two counts of gun possession by a felon.

Based upon the foregoing and the evidence presented during the detention hearing, we find that the Government has met its burden of showing by a preponderance of the evidence that Reyna poses a risk of flight if he is not detained. In addition, we find that the Government has met its burden of showing by clear and convincing evidence that Reyna is a danger to the

community. While Reyna's desire to change his lifestyle is a step in the right direction, the court concludes that based upon the seriousness of the offense charged, the weight of the evidence against Reyna, and the history and characteristics of Reyna, there is no condition or combination of conditions that would reasonably assure that appearance of Reyna as required and the safety of any other person or community.

## CONCLUSION

Based on the foregoing analysis, we deny Reyna's motion for revocation of the detention order by a magistrate judge and direct that Reyna shall continue to be detained.

It is hereby ordered that Defendant Juan Reyna remain committed to custody of the Attorney General for confinement in a corrections facility until the resolution of this case or until further order of the court. During the period of confinement, Reyna shall be continued to be kept separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further ordered that Reyna shall continue to be afforded reasonable opportunity for private consultation with his counsel.

It is further ordered that on order of a United States Court or on request of an attorney for the Government, the Warden of the Metropolitan Correctional Center, or any similar correctional facility detaining Reyna, shall

continue to deliver Defendant Reyna to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

        ENTER:


        _____
        Samuel Der-Yeghiayan
        United States District Court Judge


Dated: May 9, 2007